UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN CAMPBELL,<br><br>      Plaintiff,<br><br>v.<br><br>MAT KING and SECURUS TECHNOLOGIES, INC.,<br><br>      Defendants. | Case No. 22-12581<br>Honorable Laurie J. Michelson<br>Magistrate Judge Patricia T. Morris |

**ORDER ADOPTING REPORT AND RECOMMENDATION [31], GRANTING DEFENDANTS' MOTIONS TO DISMISS [23, 27], AND DISMISSING CASE**

While incarcerated at the St. Clair County Jail, Kevin Campbell brought this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that SCCJ Sheriff Mat King and contractor Securus Technologies, Inc. violated his rights under the First and Fourteenth Amendments and under federal conspiracy and antitrust laws. (ECF No. 1, PageID.4–5 (citing the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68; Sherman Act, 15 U.S.C. §§ 1–7; and Clayton Antitrust Act, 15 U.S.C. §§ 12–27 and 29 U.S.C. §§ 52–53).) He asserts that King and Securus "entered into a joint conspiracy" that proceeded in two parts. (*Id.* at PageID.4.) First, SCCJ instituted a "postcard only" mail policy requiring all incoming mail—with limited exceptions for legal mail and publications like newspapers—to be written on plain postcards, or else be returned to the sender. (*See id.* at PageID.3–4; ECF No. 12, PageID.40); *Proch v. King*, No. 22-12141 (E.D. Mich. filed Sept. 9, 2022), ECF No. 38-

4, PageID.330 (SCCJ Policy & Procedure 10.4). At the same time, St. Clair County contracted with Securus to offer an expensive alternative to communication by mail: people incarcerated at SCCJ can rent Securus tablets for a monthly fee, then pay to use Securus' messaging applications. (*See* ECF No. 12, PageID.41–42); *Proch*, No. 22-12141, ECF No. 38-8 (contract between St. Clair County and Securus).

So "for a markup of approximately 1,800%"—what Campbell calls "an extortion fee to secure First Amendment access"—"Securus allows the electronic exchange of correspondence between inmates and their families . . . [of] the same or similar content [as] exchanged via the U.S. Mail." (ECF No. 1, PageID.5–6.) And Securus and the county split the profits. *See Proch*, No. 22-12141, ECF No. 38-8, PageID.342–343 (contractual compensation scheme for tablet rentals and messaging application), 350–351 (same for phone call app), 361 (same for video visitation app). Thus, this "'pay-to-play' extortion strategy" and "'de facto' ban upon inmates receiving correspondence via U.S. Mail," says Campbell, "direct all correspondence revenue from the U.S. Mail to the coffers of Defendants." (ECF No. 1, PageID.4–7.)

All pretrial matters in this case were referred to Magistrate Judge Patricia Morris. (ECF No. 11.) On November 13, 2023, she issued a Report and Recommendation to dismiss this case because Campbell has failed to prosecute it. (ECF No. 31.) She pointed out that Campbell has not responded to Defendants' motions or court orders (*id.* at PageID.181–182), including King and Securus' motions to dismiss (ECF Nos. 23, 27), an order to respond to King's discovery requests (ECF

No. 21), and an order to show why the case should not be dismissed for failure to prosecute (ECF No. 30).

It may be that Campbell never responded to Defendants' motions or the Court's orders because he did not receive them. Indeed, the docket reflects that several orders were returned as undeliverable. (ECF Nos. 22, 25, 29, 32.) Moreover, based on Michigan's offender tracking database, Campbell is no longer incarcerated at SCCJ and is instead on probation. (*See also* ECF No. 31, PageID.181–182 ("The Court's order was returned as undeliverable because Plaintiff had left St. Clair County Jail . . . ." (citing ECF No. 29)).) But it is Campbell's responsibility to provide the Court with his current address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address."). Campbell was notified of this obligation at the start of his case, as well as the fact that "[f]ailure to promptly notify the court of a change in address or other contact information may result in the dismissal of your case." (ECF No. 4, PageID.23.) So if Campbell did not receive Defendants' motions or the Court's orders because the Court lacked an updated address, that does not excuse his failure to respond.

The window of time for Campbell to timely file objections to the Report and Recommendation has long since closed. As Magistrate Judge Morris explained at the conclusion of her Report, parties are required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and "[f]ailure to file specific objections constitutes a

3

waiver of any further right of appeal." (ECF No. 31, PageID.185.) Since Campbell was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). And the prison mailbox rule also applies here, so Campbell's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Campbell may have mailed, it has now been over 50 days since the Report was entered. No objections have been filed.

Accordingly, the Court sees fit to follow the normal course and enforce the waiver rule. It is well established in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-appellate-review rule rests on the assumption that the parties' failure to object to a magistrate judge's Report and Recommendation is a procedural default "waiving review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and Recommendation and accepts the recommended

4

disposition. (ECF No. 31.) It follows that Defendants' motions to dismiss (ECF Nos. 23, 27) are GRANTED and this case is DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: January 10, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

5